# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br> vs.<br><br>VANESSA ROJAS,<br><br>         Defendant. | CASE NO. 17cr337-LAB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE [Dkt 208]** |

  On October 10, 2017, this Court sentenced Defendant Vanessa Rojas to eighty months imprisonment and six years of supervised release for conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 846. Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that the coronavirus pandemic, her family circumstances, and a miscalculation of her criminal history score warrant a modification of her sentence.

  18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on her behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not petitioned the Bureau of Prisons to bring a motion on her behalf, and the Court therefore lacks jurisdiction to entertain her motion. *See United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion."). Defendant suggests that her past request for compassionate relief on June 7, 2018 satisfies her exhaustion obligations. That request, however, was based on different underlying facts and therefore cannot constitute exhaustion with respect to Defendant's current motion.[1] *See United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.).

Defendant's Motion for a Reduction in Sentence is **DENIED WITHOUT PREJUDICE**. Dkt. 208. She may refile the motion after properly exhausting her administrative remedies.

**IT IS SO ORDERED**.

Dated: May 6, 2020

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The same is true of Defendants' two January 2020 emails to her case manager. *See* Motion, Dkt. 208, Ex. F. To the extent those emails can be construed as a request to her facility's warden—which the Court is dubious of—the requests are premised on facts other than those raised in the instant motion.