1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17cr337-LAB-4 |
| Plaintiff, | **ORDER:** |
| vs. | **1) GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL [DKT. 219]; AND** |
| VANESSA ROJAS, | |
| Defendant. | **(2) GRANTING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C § 3582(c)(1)(A) [Dkt. 218]** |

20          In 2017, Vanessa Rojas pled guilty to conspiracy to distribute heroin, in

21 violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court imposed a total

22 custodial sentence of 80 months, followed by 6 years of supervised release.

23 Rojas is scheduled to be released from Bureau of Prisons ("BOP") custody on

24 May 9, 2022. She now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A),

25 for a reduction of her sentence to time served. For the reasons discussed

26 herein, the Motion is **GRANTED**. Rojas's accompanying Motion for Leave to

27 File Under Seal the supporting medical records is also **GRANTED**.

28

1       Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term
2   of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a),
3   it concludes that "extraordinary and compelling reasons" warrant a reduction.
4   According to the Sentencing Commission's policy statement, there are four
5   categories of extraordinary and compelling reasons, including if the defendant
6   is "suffering from a serious physical or medical medication . . . that
7   substantially diminishes the ability of the defendant to provide self-care within
8   the environment of a correctional facility and from which . . . she is not expected
9   to recover," or if the defendant's family circumstances include the "death or
10  incapacitation of the caregiver of the defendant's minor child or minor children."
11  U.S.S.G. §§ 1B1.13(1)(A), (C). The Sentencing Commission also includes a
12  catchall provision, which provides that there are extraordinary and compelling
13  reasons if "there exists in the defendant's case an extraordinary and
14  compelling reason other than, or in combination with, the reasons described in
15  subdivisions (A) through (C)." *Id.* § 1B1.13(1)(D). As other district courts in this
16  Circuit have concluded, this Court is vested with the discretion to determine
17  whether any extraordinary and compelling reasons exist, other than those
18  specifically delineated in U.S.S.G. §§ 1B1.13. *See, e.g.*, *United States v.*
19  *Parker*, 461 F. Supp. 3d 966, 978 (C.D. Cal. 2020) (holding that "the scenarios
20  for compassionate release, reflected in the Sentencing Commission's policy
21  statement codified in U.S.S.G. § 1B1.13, no longer limit the circumstances
22  under which a defendant may seek compassionate release pursuant to Section
23  3582(c)"); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal.
24  2019) ("This court follows the growing number of district courts that have
25  concluded that, in the absence of applicable policy statements, courts 'can
26  determine whether any extraordinary and compelling reasons other than those
27  delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant' compassionate
28  release.") (citations omitted).

Rojas urges the Court to modify her sentence to time served—with or without a supervised-release condition that she be under home confinement—because her aging mother is allegedly unable to continue serving as caregiver to Rojas's disabled daughter, and because her physical and medical conditions make her more susceptible to COVID-19. Rojas also claims that her other adult daughter is unable to assist Rojas's mother because of her own personal health issues. The Government opposes her motion, arguing that she doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement and that her mother's health is not an "extraordinary and compelling" reason that would warrant a sentence reduction. (Dkt. 221).

Rojas's physical and medical conditions aren't extraordinary and compelling reasons to modify her sentence. Her mental health conditions aren't among the health conditions known to increase risk for severe COVID-19 infection. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Oct. 6, 2021). And while her obesity, chronic obstructive pulmonary disease ("COPD"), history of cigarette smoking, and hypertension may increase her risk of becoming severely ill from COVID-19, *see id.*, her conditions aren't extraordinary. Nor has Rojas demonstrated that these conditions substantially diminish her ability to provide self-care or that she can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Ruiz likewise hasn't established that RRM Long Beach, where Rojas is currently located according to the BOP website, is unable to safeguard her health during the remainder of her sentence.

But the Court does find that Rojas's family circumstances are "extreme" and should be considered extraordinary and compelling under the catchall provision of the Sentencing Commission's policy statement. Rojas asks the

1  Court for compassionate release so that she may take care of her child, A.R.,

2  who has multiple medical conditions, including epilepsy, congenital deafness,

3  infantile cerebral palsy, and periventricular leukomalacia, as well as severe

4  intellectual, emotional, and developmental disabilities. (Dkt. 218 at 10). A.R.

5  cannot hear or speak and cannot otherwise communicate. (Dkt. 218, Ex. H

6  ¶ 3). She requires constant assistance with eating, bathing, and getting

7  dressed; she requires someone to change her diaper; she must be spoon-fed

8  and burped after eating; and she is prone to seizures. (*Id.* ¶¶ 3–6).

9      A.R. currently lives with Rojas's mother, Esther Rojas, as well as Rojas's

10  two other children. (*Id.* at 11). Esther Rojas, who is 78-years old, is A.R.'s

11  primary caretaker, and as part of her caretaking responsibilities, she "must give

12  A.R. her medications, puree her food because she does not chew, spoon-feed

13  and burp her, get her in and out of the bath, changer her diaper, and dress her

14  in one-piece pajamas so she cannot remove her clothes in front of others." (*Id.*

15  at 10–11). She often must stay up all night and watch over A.R., and frequently

16  doesn't get any sleep at all. (*Id.* at 11). She suffers from several ailments,

17  including COPD, asthma, chronic bilateral low back pain, degenerative disc

18  disease, bilateral rotator cuff disease, hypertension, high cholesterol,

19  migraines, and osteoarthritis. (*Id.*). She is in serious pain at least "90 percent

20  of the time," (*Id.*, Ex. H ¶ 4), and, according to her primary care doctor, "[t]he

21  physical and emotional strain in caring for her granddaughter has exacerbated

22  all of her health conditions and certainly exacerbated her depression," (*Id.*, Ex.

23  E at 100).

24      Although A.R. also lives with Rojas's two other children, Rene and

25  Vanessa, A.R. doesn't allow others to get near her—only her mother and

26  Esther Rojas. (Dkt. 218 at 12–13). Additionally, Vanessa suffers from her own

27  health issues, has had to undergo surgery within the last few months, and is

28  unable to consistently care for A.R. (Dkt. 227 at 3). Rene, who lives in the home

1   with A.R., and Rojas's two brothers, who live nearby, are not able to provide
2   proper care for A.R. because, as males, they aren't comfortable changing,
3   bathing, or dressing an adult woman, and more importantly, A.R. doesn't allow
4   them to get near her. (Dkt. 218 at 12–13). Esther Rojas is currently the only
5   person who could care for her, and because her medical conditions continue
6   to worsen, she is becoming increasingly unable to provide around-the-clock
7   care for A.R.

8       The Government argues these circumstances are neither extraordinary
9   nor compelling because they don't fit the categories of family circumstances
10  defined by the Sentencing Commission. (Dkt. 221 at 18). It argues that A.R. is
11  not a minor because she is 23-years old, Esther Rojas's medical conditions
12  don't render her "incapacitated," and there are other individuals who could
13  serve as caregiver for A.R. (*Id.* at 18–19). But the Court is not required to fit
14  Rojas's family circumstances squarely into the categories outlined by the
15  Sentencing Commission in its policy statements. Rather, the Court has
16  discretion to consider extraordinary and compelling reasons beyond those
17  specific categories. As previously discussed, although A.R. is 23-years old, she
18  requires care like that of an infant, including requiring someone to feed her,
19  bathe her, and change her diapers. And while A.R. has other family members,
20  none are able to provide the around-the-clock care she requires. Esther
21  Rojas's advanced age and serious health decline impose not only a significant
22  strain on her own self-care and survival ability, but also on A.R., particularly
23  given that no one else will be able to provide consistent care for A.R. as long
24  as Rojas remains incarcerated. (Dkt. 227 at 3 ("As a result of her worsening
25  health, Esther Rojas has not been able to care for A.R. as well. . . . If [Rojas's]
26  mother injures herself during one of her frequent falls, there will be nobody in
27  the house capable of caring for A.R.)). A.R. was previously in the care of her
28  mother, who is the only other person with whom A.R. feels comfortable.

1   The Court is persuaded by other cases where courts have granted
2   compassionate release under similar circumstances. *See, e.g.*, *United States*
3   *v. Morrison*, 501 F. Supp. 3d 957, 959 (D. Nev. 2020) ("The Court is concerned
4   that if not released, Morrison's children, ages fifteen and sixteen, who both
5   have their own health considerations that need attention and ongoing doctors'
6   appointments, will not be cared for. Their current caregiver, Morrison's 60-year-
7   old mother, has spinal stenosis and degenerative disc disease and is . . .  no
8   longer able to take the children to their respective medical appointments and
9   is limited in her physical ability to take care of them . . ."); *United States v.*
10  *Kesoyan*, No. 15-CR-236-JAM, 2020 WL 2039028, at \*4 (E.D. Cal. Apr. 28,
11  2020) (granting compassionate release where the defendant's 24-year old son
12  "ha[d] cerebral palsy," was "developmentally disabled," "need[ed] assistance
13  with daily activities," and was under the care of other family members who each
14  had medical afflictions and couldn't provide proper care); *U.S. v. Reyes*, No.
15  04-CR-970, 2020 WL 1663129 (N.D. Ill. Apr. 03, 2020) (granting
16  compassionate release where the defendant's aunt had stage four cancer and
17  caring for his aunt was very difficult for the defendant's family).

18   Finally, the Court acknowledges that Rojas is currently located at a
19  halfway house, per the BOP website, and has only approximately seven
20  months left of her sentence. She has gone to great lengths to rehabilitate
21  herself, including completing various treatment and rehabilitation programs,
22  completing a variety of offered educational and employment courses, and
23  applying for different jobs.  Given her mother's significant decline in health and
24  ability to care for A.R., the Court finds that the time remaining in Rojas's
25  sentence is better served at home caring for her daughter, particularly where
26  the deterrent effect at this stage in Rojas's sentence is marginal.

27   For the reasons set forth above, **IT IS ORDERED** that Rojas be released
28  from custody. Her sentence is modified to allow her to serve the remaining

1  portion of her custodial sentence under home confinement at her mother's
2  home. *See* U.S.S.G. § 5F1.2 ("Home detention may be imposed  . . . as a
3  substitute for imprisonment"); *see also, e.g., United States v. Soto,* No. 16-CR-
4  766-CAB (July 6, 2020) (reducing sentence under § 3582 by substituting home
5  confinement for time in custody). She is to remain on supervised release for a
6  term of six years, as provided by her original sentence, commencing on the
7  date she successfully completes the remainder of her sentence.
8       **IT IS SO ORDERED**.
9
10  Dated: October 7, 2021
11                                    **HONORABLE LARRY ALAN BURNS**
12                                    United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28